# In Re OPINION OF THE JUDGES
## (275 N. W. 633)
### (Opinion filed October 30, 1937)

Opinion of the Judges in the matter of the construction of chapters 254 and 209 of the Session Laws of 1937, relative to the limits of the property tax which may be levied by the State Board of Equalization for rural credits purposes, in response to the request of the Governor.

To the Honorable Judges of the Supreme Court of the State of South Dakota:

Your opinion is hereby respectfully requested upon the following important questions of law involved in the exercise of my executive powers and upon the solemn occasion hereinafter described:

(1) Does chapter 254 of the South Dakota Session Laws of 1937 limit the property tax which may be levied by the State Board of Equalization for rural credits purposes (including the payment of principal and interest indebtedness on bonds which may be issued and sold at this time pursuant to section 3 of chapter 167, Laws of 1933) to 2 mills?

(2) To what extent are homesteads exempt from such property tax levy under chapters 254 and 209 of the Laws of 1937?

A sale of refunding bonds proposed to be made by the Rural Credit Board on October 20, 1937, has been postponed, because an answer to said questions is believed necessary to the making of the sale. The sale must be made to obtain funds to pay rural credits bonds coming due next month. I am assured that some (probably all) prospective bidders will make no bid at a sale conducted before the above questions are answered. If some bids should be received at such a sale, the Rural Credit Board would not be able to determine what was a reasonable and acceptable bid, nor would the Governor know whether or not to approve the sale.

Dated at Pierre, South Dakota this 21st day of October, 1937.

Respectfully submitted,

Leslie Jensen, Governor.

To His Excellency, Leslie Jensen, Governor:

We have the honor of acknowledging receipt of your communication dated October 21, 1937, wherein you inquire of the Judges as follows:

"(1) Does chapter 254 of the South Dakota Session Laws of 1937 limit the property tax which may be levied by the State Board of Equalization for rural credits purposes (including the payment of principal and interest indebtedness on bonds which may be issued and sold at this time pursuant to section 3 of chapter 167, Laws of 1933) to 2 mills?"

"(2) To what extent are homesteads exempt from such property tax levy under chapters 254 and 209 of the Laws of 1937?"

From your statement relating to the reasons for your inquiry, it appears that the manner in which you will exercise certain powers as Chief Executive of this state is dependent upon our answer. We therefore deem your inquiry proper.

The question of law involved in the second part of your inquiry, relating to the extent of the homestead exemption under chapters 254 and 209, Laws of 1937, is involved in litigation now pending in the Supreme Court of this state. The answer to that portion of the inquiry, therefore, will not be here attempted, but will await the decision of the court in the litigation now pending. Our answer will be confined to the first part of your inquiry.

The said chapter 254, about which you inquire, is, in words, as follows:

"Section 1. It shall be the duty of the State Board of Equalization of the State of South Dakota to annually levy a tax of two mills upon the assessed valuation of all taxable property within the State, except the homestead as defined by law.

"All money received by the State Treasurer from the collection of the tax herein imposed shall be placed by him in the Rural Credit Fund of the State of South Dakota."

It will be noted that the statute does not contain any words of limitation; it is simply a direction to the State Board of Equalization to annually levy a tax of 2 mills upon the taxable property within the state. The money derived from this tax under the second paragraph of this chapter is to be placed to the credit of the rural credit fund. This 1937 law is a direction to levy an annual tax, and does not, in our opinion, in any manner limit or conflict with the general power of the Rural Credit Board to request a special tax levy under the provisions of section 9 of chapter 187, Laws of 1927, as amended by chapter 167, Laws of 1933 (section 3).

Under section 9 of this 1927 law, as amended in 1933, the South Dakota Rural Credit Board is authorized to direct the Tax Commission "forthwith to levy a tax upon all taxable property of the state" to pay rural credit bonds, warrants, or the interest thereon. In a subsequent sentence in this same section 9, this levy is referred to as a special levy. We, therefore, think it clear that the Legislature, under this 1927 law and the 1933 amendment, contemplated a levy to be made "forthwith" upon the direction of the Rural Credit Board, and that this levy was to be a special levy, and not be considered as a part of the regular annual levy made for state purposes. The 1937 law contemplates an an-

nual tax levy made at the direction of the Legislature, while, as we have heretofore stated, the 1927 law and the. 1933 amendment thereto contemplate a special levy to be made at the direction of the Rural Credit Board. There is no conflict in the two laws, and we see nothing in the 1937 law which might be construed as a limitation upon the powers granted to the Rural Credit Board, or the duty imposed upon the Tax Commission, under the said section 9 of the 1927 law, as amended in 1933.

In giving consideration to your question, we have also considered in connection therewith section 6747, Rev. Code 1919, as amended by chapter 193, Laws of 1933. It is our opinion that said section 6747, as amended, constitutes no limitation upon the authority granted the Rural Credit Board to direct the levying of the special tax as provided in chapter 167, Laws of 1933 (section 3).

Respectfully submitted,

SAMUEL C. POLLEY,
E. D. ROBERTS,
FREDERICK A. WARREN,
HERBERT B. RUDOLPH,
ST. CLAIR SMITH,
Judges.